Good morning. May it please the court, I'm Mike Jacobson. It's my privilege to represent Kim Myles Ruiz. I'll call her Ruiz. I'll reserve four minutes. And I will address two issues, reversing the race judicata bar and remanding to the district court the timely and plausible state law discrimination claims. There are three bits of the litigation history worth emphasizing. First, there was a 2011 case, I'll call it Ruiz 1, ended in a dismissal order. That order said its basis was two prongs, jurisdictional defect and limitations bar. Second, there had been a 41B involuntary dismissal motion filed by the defendants. It cited two defects, one jurisdictional defect and two limitations bar. And in response, Ruiz had filed a 41A2 request for voluntary dismissal. She accepted that she failed to serve, that there was no jurisdiction and there was no further point in litigating the case. She had to file under 41A2 because there was a pending motion by the defendant and so her absolute right under 41A1 to have a dismissal without prejudice without a court order had been eclipsed. Did your client concede that the original claim was barred by the statute of limitations? The original claim as filed was barred by the statute of limitations, yes. But did your client concede that? She conceded that. She did not concede it in the district court, but I will say that when the case... You're saying it's barred now? You're saying it's still barred? Judge, I'm not sure which claim you're referring to. The first claim, in the first case, Judge Kunauer dismissed the complaint for two reasons. One, lack of personal jurisdiction, and two, and both of them, it's in the order that your client conceded to the lack of personal jurisdiction and then to the lack of... that it was barred by the statute of limitations. She was silent as to the limitations bar. She did ask for continuance in order to address that issue. The judge... and she was well within her rights to amend at that point because in 2011 there was a 2010 termination claim she could have amended to include that 2010 discrimination claim or termination claim. However, it was pointless because she had failed to acquire jurisdiction over the defendant, and so the case was moved at that point anyway. And instead, she decided to... a separate claim in order to address the 2010 termination action. And further, your contention as I understand it is that the new claim is sufficiently different from the old one that the new one is not barred by the limitations period. Correct. When she filed Ruiz 2 in June of 2013, it was two years and 262 days after she was terminated from employment, and two years and 11 months after the employer-mandated review program and grievance program had been adjudicated against her. And the difference... one of the differences is that this was not brought as a 1983 claim or not only as a 1983 claim but also as a Washington State employment discrimination claim. Is that why the limitations period was different? Is that what it is? Correct. Okay. I'm just curious because of both of... again, specifically Judge Kuhnhauer referred to that your client conceded and the record doesn't show that she conceded. It comports with what you just said here that she was seeking a termination. And if they did air both Judge Kuhnhauer and Judge Zille with respect to that assumption that she had conceded, you know, her claim was barred by the statute limitations. I'm just trying to figure out if there's anything that can be fashioned around that. Would that error alone require reversal? Your question is whether Judge Kuhnhauer's error requires reversal? And then Judge Zille on top of that because he just... it looks like he just looked at the order and that was it and said, oh, it was dismissed with prejudice so that's the end. Well, you know, I think that there's... you know, discretion has its limits, Judge, and in order for dismissal with prejudice, which under 41A2 I think is what Judge Kuhnhauer said and what Judge Zille said is discretionary. There are terms that may be imposed with discretion of the court, but discretion ends under 41A2 where the 41B prohibition starts, which is that involuntary dismissal motions have to be adjudicated on the merits unless the grounds is warrant of jurisdiction. But... Counsel? Counsel, may I have just a second? Is there, in your view, I'm not sure I understood your answer to Judge Merguia in the following respect. Is there a legally important distinction to be drawn as to whether your client did or did not concede the statute of limitations? I didn't see that she did, but I just am not sure what difference it would make whether she conceded it or not. I think your point is well taken, Judge, that as a matter of law, when there's a mixed grounds for dismissal and one of the grounds is warrant of jurisdiction, that is essentially saying the court acquired no power over the litigants. If they made, if the court made findings about limitations, those are simply advisory findings. They're sort of like dicta. The court, if there was no jurisdiction, never acquired power to determine the case. And in fact, ordinarily, if there had been no jurisdictional question, if Judge Cunaro was just totally wrong about whether she had conceded it, his ruling would still be res judicata, even if he made a factual mistake about that. Right? So it just seems that, although he does seem to have made a mistake about it, it doesn't seem relevant to what we're doing, is it? I don't see how it has any bearing. Okay. You know, I believe that our case is controlled by the hundred-year-old precedence that we cited from the Supreme Court in the Smith case and the Bunker Hill case in the Ninth Circuit, that there is no res judicata bar where the underlying dismissal is based on jurisdiction. Does it make any difference whether we're talking personal jurisdiction or subject matter jurisdiction? We have this wages case, which was not a res judicata case as such, but it does draw a distinction between whether you can decide the merits where there's a personal jurisdiction question versus a subject matter jurisdiction question. I think jurisdiction, Judge, denotes that there is no power or want of jurisdiction denotes that there is no power to decide the case. But it's a slightly different kind of no power, as wages says. First of all, they were actually physically there, whether they were properly served or not, and they did engage on a merits question. And moreover, the lack of jurisdiction was kind of willful in the sense that it wasn't even a personal jurisdiction issue of the kind. It was more procedural than personal jurisdiction. It's that you didn't serve them in time. It's not that you didn't serve them or couldn't have served them. You could have served them. You just didn't serve them. Well, I think the reasoning of the restatement addresses your question, and that is that because if there's a mixed grounds for dismissal and one ground that... Well, I understand that. But is this exactly a jurisdictional question, what happened here? In other words, the statutory time or rules time on when you can serve them ran out, right? But you could have served them. You even could have served them afterwards. In other words, you could have gotten them into court. You didn't do it under the regulation in time, but it's not a personal jurisdiction issue of an international shoe kind where they were just not there to be served. They were there to be served. The grounds for dismissal cited by the defendant was 12b-2, which is one of jurisdiction. The grounds stated by the district court in the 2011 case was lack of jurisdiction. Serving five months after the commencement of the case would have been a useless act and would not have conferred upon the court any jurisdiction. It was the result of the federal rules and the local rules requirement as to when you had to serve them, right? Yes. Not some inability to assert jurisdiction over them. Well, I think there was a disability or an inability judged five months after the case was filed because statutorily there is no way to acquire jurisdiction if you don't file and serve within the statutory period and the period required under the rules. So, yes, there was an inability to serve at that point. But you could have filed a case the next day. You could have filed a new case the next day and served them and you would have had a limitations period problem. But you could have done it. Ms. Ruiz, in fact, did exactly that. She didn't do it next day. She did it next year. She filed what would have been the amended pleading that she was allowed to file in the 2011 case. She just filed it as a separate action because she had failed to acquire jurisdiction in the first action. Yes, she could have done it the next day. She could have amended in 2011. But the point of the restatement is it was pointless at that point to amend. But if she had filed the same complaint the next day or the next year, she would have been out for statutory limitations purposes. If she had been so foolish, yes, she would have been. Okay. Your time is up. We'll give you a minute in rebuttal. Thank you. Good morning, Your Honor. May it please the court. My name is Chris Huck, and I am here representing the defendant both Mr. Jim Little and the East Nahomish County Public Utility District. And we're here today on, as Your Honors have pointed out,    the end of this hearing is going to be a little bit different. We're going to be talking about what happened in that first case. And in particular, I do want to address your questions about whether or not anything was conceded below on the statute of limitations. It doesn't make any difference, does it? It doesn't because Judge Kuhnauer had discretion. Ms. Ruiz came to the court. She did actually have the option to file under Rule 41A1, which would have allowed her to do this. She did this on her own without invoking the court's discretion. And the reason being is that the rule is actually worded that it's before an answer or a summary judgment motion, neither of which had happened. The defendants had at that point filed a Rule 12B6 motion, but all the authority, including the authority from this court, says that that's not what that rule is about. It's about an answer or a summary judgment motion. But instead, Ms. Ruiz, and this is in the record at 97, filed a voluntary motion to dismiss. And in doing so, she invoked the discretion of the district court of Judge Kuhnauer. And with that, and then what's really key here... But how does he have discretion to decide anything on the merits if there's no jurisdiction? Well, here's the reason, is that Ms. Ruiz filed her motion, and in response to that motion, on behalf of Mr. Little, a response to that motion was issued. And the response was filed that said, while the defendant doesn't object to the dismissal, they object to it being not dismissed with prejudice. It needed to be dismissed with prejudice. And that is in the record... What difference does that make if it's still jurisdictional or partially jurisdictional? Let's get to the thrust of it. There is case law and restatement law, but not in this circuit, I don't think, that says that if there's a mixed dismissal, i.e., partly jurisdictional and partly not, that's not res judicata. Does that apply here? It doesn't apply for several reasons. First of all, those cases and the restatement and the comments are actually addressing both 41B, which is not what this was, this wasn't an involuntary dismissal, and it's also addressing... I don't understand. I don't think it has anything to do with the federal rules. It has to do with the question of whether there's res judicata for where a district court decides both a jurisdictional and a non-jurisdictional question. I don't know why it matters if it's 41A or 41B or anything else. Well, here's why I think it does matter, is that in response, what Mr. Little briefed in response to the plaintiff's motion was entirely about statute of limitations. Well, fine, but if there was no jurisdiction, how does it... Given Steele Co., for example, which says emphatically that a district court cannot decide, cannot jump to the merits where there's no jurisdiction. Essentially, he may have decided a limitations issue, but he had no jurisdiction to decide it. It therefore isn't res judicata, period. The end. Why not? Well, it gets back to your other questions about the difference between personal jurisdiction and subject matter jurisdiction. In this context, that matters for the plaintiff, but is there any case law saying it does matter? Well, I think it's a combination of case law, Your Honor. It matters because the issue, as Your Honor pointed out in the questioning, was that there's a Washington state statute that says to toll the statute of limitations, you've got to file and then serve within 90 days. And there was no dispute that that happened. And where the statement in Judge Kunawer's decision comes from about the concession is that there was a motion filed by plaintiff, a brief filed by Mr. Little that was entirely about the statute of limitations, not about jurisdiction. It does flow from, it actually doesn't flow from jurisdiction, it flows from the failure to serve. Once you miss that tolling window, then everything becomes time-barred because it's as if your complaint was never commenced. That's how the Washington statute rules. Counsel, counsel, but regardless of what your client's briefed, in fact, the original dismissal order cites two grounds. One is lack of personal jurisdiction and the other is the statute of limitations. And I was a little unclear in your answer to Judge Verzon, are you aware of any case in which a court has looked at a mixed dismissal of that sort and drawn a distinction between lack of personal jurisdiction and lack of subject matter jurisdiction in holding that there's no race judicata effect? Yeah, in the Ninth Circuit there is not. In the other circuits that my opposing counsel has cited, if you carefully look at those cases, none are the same circumstances. They are not voluntary dismissals, they are not the situation where... That's not the question I asked you, though. Have any of those cases to your knowledge... I didn't see this and so I'm asking if I've missed something. Did any of them draw a distinction between a dismissal for lack of subject matter jurisdiction plus something else versus lack of personal jurisdiction plus something else? Did any of them make those two things come out differently? No, Your Honor. My point was that the bulk of those cases are actually subject matter jurisdiction cases. There are a couple that are from out of this circuit that are about personal, but the other distinguishing factor is that they were involuntary dismissals. They weren't a situation... Tell me the reason why that matters. What's that? The race judicata question. Tell me why that could possibly matter as to the race judicata problem. Well, and that matters because of several decisions from this Court, Your Honor, starting with Hargis v. Foster, 312 F. 3rd 404. It's a 2002 decision that says that Rule 41 vests with the District Court ultimate discretion, essentially. And then a case that we kind of dissected in our brief, the Young v. Bishop Estate case... Discretion to do what? To... To dismiss it with or without prejudice. Exactly. But what does the without prejudice have anything to do with it? Because otherwise it would lead to the absurd results that Your Honors are getting to. This case was dead on arrival when we removed it from State Court to Federal Court, and that's because of the tolling issue. The failure to serve. And by the way, Mr. Little still has not been served, even with the second complaint. How did he find out about this? What's that? How did he find out? In the second case, it was actually served on the PUD. In the first case, it was attempted to be served on Mr. Little by giving it to a person at the front desk at the PUD. That's how we found out about it. But that's not service. But getting back to your question, Your Honor, when Judge Kuhnauer was looking at this, there was no way to fix it. Because by missing that tolling time period, by admitting... Apparently there was, which was alleging a different... taking the same facts and alleging a different claim. Actually, Your Honor, the statute of limitations for the 1983 and the Washington State Act are not different. Then why is this one not just as dead? But I gather there was a one-year limitations period, now there's a three-year limitations period. Am I wrong about that? No, there was three and three. Always three and three. So it's because he's added new facts? Is that why? Well, in our view, Your Honor, to shift gears just slightly, Your Honor is going to affirm on any grounds and the statute of limitations grounds that we have That we've briefed actually is another way Your Honor could affirm the district court, Judge Zille. And that's because... Except that, counsel, the statute of limitations had not run and has not run on the termination claim as distinct from some of the earlier activities. Because it was filed within three years of the termination. That's if the complaint is characterized as a termination case based on the June 10, 2010 termination. But, in fact, if you look at every allegation in the second complaint, which most of them are identical to the first complaint, the allegations are actually, and we've quoted it several times in the brief, they're actually entirely about the course of performing the investigation. Mr. Little's course of performing. Yes, it ended in a termination on June 10, but all of the alleged discriminatory acts had to take place before June 10, because that's the day that they issue the termination. Yes, but under the Supreme Court's analysis in Morgan, all of that can be introduced as evidence pertaining to the motivation for the termination. So the fact that there's a lot of factual information prior to termination seems irrelevant if the adverse action is the termination. Well, except this is not alleged as a hostile work environment claim, which the Washington Supreme Court has said in Antonius that Ms. Ruiz cites, that they're only going to adopt that piece from Morgan as to hostile work environment claims. And that's not what this case is. It's never been pled that way. It's been pled as gender discrimination. If somebody fires somebody and it's based on free limitations period or race discrimination, but they don't fire them until after the limitations period, i.e. they have a meeting before the limitations period, and say, we're going to fire this person because she's black, but they don't actually fire her until three weeks later. They didn't tell her about it. She's supposed to bring the claim before that? That would be a completely different circumstance. Well, that's what I understand the claim is here, essentially. She's alleging that the termination was related to her discrimination. That's how I read it. And if that's true, just assume that's true, then she is within the three-year statute of limitations. If she had pled a hostile work environment claim. What about my example? I don't understand. It seems to me that's what she's saying. She's saying that the termination was within the limitations period, and the reasons were discriminatory, and the fact that they had the particularized events that demonstrated that that was the reason before the limitations period is an evidentiary question. Well, Your Honor, I would say it's a quirk of Washington law. Washington law and Antonius has reached out to the Supreme Court's case in Morgan and said, for hostile work environment claims, we will adopt that procedure because it's the difference between a series of discriminatory acts and discrete acts. And Washington law had always said that for hostile work environments, it was the series and had analyzed it differently. And because of the Morgan case, the Court said... But I don't think you need a novel theory for this sort of thing, because the question is, what was motivating the termination? And whether the facts that demonstrate what was motivating the termination are from before the limitations period doesn't trigger a limitations period, does it? It's just an evidentiary question. I don't see we even get to Morgan. Well, if that were what were pled, but what is pled is that Mr... And they're careful about it because they've made this admission about whether they can get to the PUD on the 1983 case. So they've carefully pled the complaint to be about Mr. Little's acts, his acts that led up to the termination, but not the termination itself. That's how the complaint is actually pled, in our view. The complaint is not about the consequences of the termination. It's the discriminatory acts that lead up to that. And, Your Honor, I do see I'm out of time, but I would leave with, back to the dismissal with prejudice, and that's the Young versus Bishop case. And the language in that case is very telling, because in that case, the plaintiff argued similar to here that she had the absolute right to dismiss, and the Court said, but you invoked 41A2. And because you invoked 41A2, I get to look at what will be the result of this, and I'm going to find, based on the reasons that, in that case, anything else would be futile, I'm going to dismiss with prejudice. And this Court affirmed that. And the reasoning there is that what Judge Kuhnauer saw, the reason why he says the word conceded, is that the issue of statute of limitations was briefed in response to plaintiff's own motion. And so Judge Kuhnauer says, well, you've conceded, you've actually admitted the failure to serve, which means you can't fix this, which means if you step back and think about it, the absurd result is that she couldn't fix it then by filing the next day or serving Mr. Little, because if she had, the tolling period already ran. But what plaintiff's asking you to do now is to fix it by waiting three years later and filing a new complaint. Well, that's why I asked him what would happen if he filed it the next day, and the answer would be obviously the same as if you filed it three years later. Exactly. But if the only thing you're losing because of this is the race judicata ruling. Right? I mean, if it's too late, and you can prove it up, it's too late. But you're losing the race judicata ruling because there was a mixed ruling on the first time around. It's not that she's getting a freebie if she, in fact, is filing the same thing again. Well, it goes back to whether it's really, I mean, it does say personal jurisdiction, but you have to look at what was briefed. And it isn't really personal jurisdiction because it's about the failure to serve. And we were there, we made the argument. That's, I think, the interesting question. Anyway. Okay. Thank you very much. Thank you, Your Honor. I'll give you one minute in rebuttal. Thank you, Judge. Obviously, we rely on the mixed ruling doctrine as the basis for our request for remand. What is your view of the question of whether we should decide the limitations period question or remand it? I'm sorry. One more time. Should we decide the limitations question on the merits or remand it? I mean, if you're right about the race judicata, then there's still a limitations period question. There's no limitations period question about the 2003 lawsuit. I'm sorry? There's no limitations. Well, your opponent says there is, and somebody needs to decide it. Well, I believe it's an invalid claim. So do we decide it or do we remand it? I'm not sure I'm tracking your question. Well, I'm not sure why you're not, so fine. I believe that the 2013 claim, or Ruiz 2, was timely filed I understand you believe that, but it's been opposed on the ground that it wasn't timely filed. So the issue is, does this court or does the district court decide that question? I understand. I believe that it's been put to this court, and I believe this court can rule on the basis of the record that Ms. Ruiz filed her 2013 claim two years and 262 days after she was terminated. I do want to say that we are asking the court only to remand the state law claims and only the state law discrimination claims. There are federal defenses here that have really no application to the state law claims and Ruiz is abandoning any question about remanding the federal claims. She simply wants to proceed on her state law claims. Okay, thank you very much. Thank you both for your argument in Ruiz v. Nahomish County Public Utility District No. 1, and the case is submitted. The next case, Maple v. Costco, was submitted on the briefs. We'll go to the following case, which is Craig v. Colvin.
judges: Graber, Berzon, Murguia